**UNITED STATES of America, Plaintiff, Appellee,**

v.

**David MONAHAN, Defendant, Appellant.**

**No. 80–1059.**

United States Court of Appeals, First Circuit.

Argued Oct. 7, 1980.

Decided Nov. 21, 1980.

Frank G. Kelleher, Boston, Mass., on brief, for appellant.

Robert B. Collings, First Asst. U.S. Atty., Chief, Criminal Division, Boston, Mass.,

with whom Edward F. Harrington, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and BOWNES, Circuit Judges.

PER CURIAM.

David Monahan appeals from a cocaine conviction under 21 U.S.C. §§ 841(a)(1) & 846. He claims that the district court improperly admitted evidence of his prior conviction for obstructing justice, which resulted from his threat of unspecified harm to a key witness should the witness testify in the cocaine case.* The court stated that the evidence was admitted to show consciousness of guilt rather than propensity for crime. Monahan refused the court's offer to give a limiting instruction to the jury. Monahan now argues that under Rule 403 the probative value of this evidence is outweighed by its tendency to cause unfair prejudice.

We disagree. Evidence of threats to witnesses can be relevant to show consciousness of guilt. See Fed.R.Evid. 404(b). Although some conduct regarded as obstruction of justice may not be probative because it demonstrates only a preference to avoid legal involvement, the act here was not so innocuous. The offensiveness of threatening personal harm to a witness shows that Monahan was willing to take extreme measures to exclude pertinent evidence from the trial. This surpasses in nature and degree any innocent desire to avoid entanglement. The specificity of this conduct implies a knowledge and fear of particular and damaging testimony intimately related to the prosecution at hand—not a generalized distaste for the courtroom. Because the evidence implicated no irrelevant or collateral matters, any "prejudice" that arose did so only because of the evidence's probative character. Rule 403 is not contravened by evidence that might show only that the defendant is guilty of the crime charged. See, e.g., United States v. Brashier, 548 F.2d 1315, 1325 (9th Cir.

1976), cert. denied, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 565 (1977); United States v. Flick, 516 F.2d 489, 495 (7th Cir. 1975); United States v. Franks, 511 F.2d 25, 36 (6th Cir. 1975), cert. denied, 422 U.S. 1042 & 1048, 95 S.Ct. 2657, 45 L.Ed.2d 694, 95 S.Ct. 2667, 45 L.Ed.2d 701 (1975); United States v. Cirrillo, 468 F.2d 1233, 1240 (2d Cir. 1972), cert. denied, 410 U.S. 989, 93 S.Ct. 1501, 36 L.Ed.2d 188 (1973).

We have no occasion in this case to consider whether a threat that is inflammatory or macabre in content should be excluded under Rule 403. Cf. United States v. McManaman, 606 F.2d 919, 926 (10th Cir. 1979) ("hearing and reading the taped conversation lead us to the conviction that the inflammatory talk of the plan of murders clearly must have predominated in impact over the discussion of drug dealing"); United States v. Check, 582 F.2d 668, 685–86 (2d Cir. 1978) (recognizing the "severe prejudice" that can result from testimony of death threats); United States v. Weir, 575 F.2d 668, 669–71 (8th Cir. 1978) (threats of three assassinations, plus account of attempted killing resulting in bullet wound, held to be reversible error).

*Affirmed.*

---

* The government advised us in oral argument that Monahan was tried for obstruction of jus-

tice before he was tried for cocaine possession by chance rather than by design.