UNITED STATES of America,
Plaintiff-Appellee,

v.

Zulema GONZALEZ, Patricia Delgado,
Francisco Jose Arguello,
Defendant-Appellant.

No. 81–5938
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

April 25, 1983.

---

Melvyn Kessler, Miami, Fla., for Delgado.

Sky Smith, Miami, Fla. (court-appointed), for Arguello.

Stanley Marcus, U.S. Atty., Chris Gober, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

Appellants Francisco Arguello and Zulema Gonzalez were convicted of possession of cocaine with the intent to distribute and conspiracy to distribute cocaine. Patricia Delgado was convicted of conspiracy to distribute cocaine. In this appeal, Arguello argues that the district court improperly admitted testimony from a government informant which indicated that Arguello had threatened the informant's life. Delgado and Gonzalez have adopted Arguello's appellate brief. Finding no merit in this argument, we affirm.

The government informant testified that he had received a death threat, two weeks before trial, from Arguello. The threat consisted of words spoken several times over the phone, "Roger, you will soon die." Immediately after the testimony, the court instructed the jury to consider this testimony only as to Arguello and to disregard it in determining the guilt or innocence of the other defendants.

We must examine first whether the proffered evidence was relevant to an issue other than the defendant's character, and second whether the evidence possesses probative value that is not substantially outweighed by undue prejudice. *United States v. Beechum,* 582 F.2d 898, 911 (5th Cir.1978) (*en banc*), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979); *see* Fed. R.Evid. 403.

■ Courts may consider evidence of threats to witnesses as relevant in showing consciousness of guilt. *United States ·v. Monahan,* 633 F.2d 984, 985 (1st Cir.1980). Under Fed.R.Evid. 404(b), the trial court may admit evidence of other wrongs in order to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." We conclude that the evidence was relevant under Fed.R.Evid. 404(b).

■ We are also satisfied that the district court did not abuse its discretion in concluding that the probativeness of the death threat outweighed any danger of undue prejudice. Because the potential prejudice from death threats may be great, *United States v. Check,* 582 F.2d 668, 685 (2d Cir.1978), the government must have an important purpose for introducing the evidence in order to satisfy the balancing test of Rule 403. The trial judge must judge

the death threat's potential prejudice in the same manner as he would other potentially prejudicial evidence. *United States v. Qamar,* 671 F.2d 732, 736 (2d Cir.1982). An appellate court may only reverse the trial judge's decision in this area if he clearly abused his discretion. *See United States v. Terebecki,* 692 F.2d 1345, 1350 (11th Cir. 1982). A careful review of the record reveals that the trial judge did not abuse his discretion in balancing the probativeness of the threat against its potential prejudice. We therefore conclude that Arguello's argument lacks merit.

By adopting Arguello's brief, Delgado and Gonzalez implicitly argue that the evidence of the death threat was improperly admitted against them. The trial judge, however, instructed the members of the jury that they were to consider this evidence only against Arguello. "[T]he decision as to whether the jury can sort out the evidence relevant to each defendant is firmly committed to the discretion of the trial court." *United States v. Davis,* 546 F.2d 617, 620 (5th Cir.1977). The record indicates that the trial court did not abuse its discretion. Gonzalez's and Delgado's contention therefore also lacks merit.

The judgment of the district court is AFFIRMED.