900 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kimothy K. ROSS, Defendant-Appellant.
 No. 88-1756.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1990.
 
 Before DAVID A. NELSON and RYAN, Circuit Judges, and RONALD E. MEREDITH, District Judge.*
 PER CURIAM.
 
 
 1
 The appellant, Kimothy K. Ross, was charged with conspiracy to possess cocaine and cocaine base with intent to distribute in violation of Title 21, U.S.C. Sec. 846 and 841(a)(1). During the execution of a search warrant at a drug house in Flint, Michigan, the appellant was arrested after he attempted to flee from the scene. The drug house was one of several in the Flint and Detroit, Michigan areas and was operated by appellant's co-defendant, Andre' Morris.
 
 
 2
 * * *
 
 
 3
 * * *
 
 
 4
 Appellant alleges that the sentencing guidelines under which he was sentenced are unconstitutional. The constitutionality of the sentencing guidelines was examined and affirmed by the United States Supreme Court in United States v. Mistretta, --- U.S. ----, 109 S.Ct. 647 (1989).
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 Appellant contends that the search warrant issued on February 26, 1988, was issued improperly and that probable cause did not exist to believe that the automobiles searched contained instruments of criminality. The standard of review for this Court is whether the Magistrate in issuing the search warrant arbitrarily exercised his discretion. United States v. Pelham, 801 F.2d 875, 876 (6th Cir.1986), cert. denied 479 U.S. 1092.
 
 
 8
 Accompanying the search warrant in question is the affidavit of Special Agent Thomas G. Velie. Velie avers that the appellant was recently indicted for his involvement in a cocaine conspiracy; that a service station manager reported three abandoned vehicles at his station; that the manager was to perform work on those vehicles for a person who identified himself as the big "D"; that appellant's nickname was "Detroit"; that the station manager visually identified the appellant from a photo of six persons; that vehicles were registered to the appellant; that one vehicle contained a gun holster which was visible from outside the vehicle; that appellant was known to supply cocaine and weapons between Detroit and Flint; that appellant had used a weapon to threaten a witness in the drug conspiracy; that one of the vehicles was known to be used by appellant to transport cocaine base from Detroit to Flint; that appellant refused to give his name for car repairs and used a second party to pay cash for the repairs. Agent Velie also stated from his vast experience that he knew persons who sell illegal drugs use weapons, have large amounts of currency, and have evidence of their crimes in their vehicles. Based on these facts, the United States Magistrate issued the search warrant for the vehicles. Evidence was seized and the appellant challenged the admission of the evidence in a motion to suppress. The District Court denied the motion to suppress.
 
 
 9
 Appellant argues that the affidavit, in its totality, did not establish probable cause; that the information related by witnesses was not reliable; and that the information in the affidavit was stale. The Magistrate in reviewing the affidavit that supports probable cause must merely make a practical, common sense decision whether, given the information in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in the specified location. Illinois v. Gates, 462 U.S. 213 (1983). Common sense, not stringent or hypertechnical standards, is to be used in determining probable cause. United States v. Seta, 669 F.2d 400, 402 (6th Cir.1982).
 
 
 10
 "[A]ffidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common sense and realistic fashion ... Technical requirements of elaborate specificity ... have no proper place in this area."
 
 
 11
 United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746 (1965).
 
 
 12
 The information provided informed the Magistrate that the appellant had three of his vehicles being repaired; that appellant conducted business in a suspicious manner by not using a name and paying through another person in cash; that appellant was presently in jail and would soon be released and would obtain the vehicles; that appellant was presently under arrest for his involvement in a cocaine conspiracy and that his role in the conspiracy included the transportation of illegal drugs and guns; that a gun holster was observed in one of the vehicles and that the appellant was known to use weapons in his trade. In addition, the vast experience of the agent supports the belief that the vehicles were used as tools of the drug trade and would probably contain evidence of that trade particularly since the defendant had recently been arrested and no one else had attempted to retrieve those vehicles from the service station manager. Certainly, sufficient probable cause existed to believe that these vehicles contained contraband, evidence of drug trafficking and/or weapons used in connection with drug trafficking.
 
 
 13
 Personal observation by an informant is sufficient to establish the reliability of the information. United States v. McEachin, 670 F.2d 1139, 1142-43 (D.C.Cir.1981). There is no doubt that the witness who was threatened by the appellant with a weapon personally observed and was a victim of the appellant's wrongdoing. We find that the credibility of the witnesses was sufficiently established and appellant's argument is therefore without merit.
 
 
 14
 Appellant alleges that no time frame was alleged in the affidavit. We respectfully disagree. The affiant states that on February 25, 1988, he spoke with the service station manager who related that he had had recent contact with the appellant and that appellant would be retrieving his vehicles the following Monday. The appellant had been in custody since February 10, 1988. Only fifteen days transpired from appellant's arrest until the search warrant was sought. Notably, during that period, the vehicles and their contents, under the bailment arrangement with the service station, would not be subject to tampering. During the bailment any evidence present in the vehicles while appellant had control of the vehicles would remain in the vehicles. Furthermore, the affiant confirmed the presence of the gun holster by his own observation of the vehicle in question. We find that the information was sufficiently fresh to support probable cause.
 
 
 15
 * * *
 
 
 16
 * * *
 
 
 17
 Lastly, appellant argues that the trial court erred in admitting evidence of threats to police officers made during the trial of the matter. In order to reverse the District Court decision to allow admission of the threat, this Court must find that the trial court abused its discretion.
 
 
 18
 Evidence of threats made by the defendant are admissible against the defendant to demonstrate consciousness of guilt. United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir.1986).
 
 
 19
 "The offensiveness of threatening personal harm to a witness shows that [the defendant] was willing to take extreme measures to exclude pertinent evidence from trial."
 
 
 20
 United States v. Monahan, 633 F.2d 984, 985 (1st Cir.1980). The threat though subtle in language was direct in effect. It was made within earshot of officers who would testify against the defendant and implies that a plan was under way to eliminate their testimony. Any prejudice arising from the introduction of the testimony is outweighed by its probative value. Rule 403 of the Federal Rules of Evidence; Monahan, 633 F.2d at 985. We, therefore, conclude that the trial court did not abuse its discretion in allowing the testimony about the threat.
 
 
 21
 The judgment of the District Court is AFFIRMED.
 
 
 
 *
 Honorable Ronald E. Meredith, United States District Court, Western District of Kentucky, sitting by designation