953 F.2d 1389
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James W. WHIDDEN, Defendant-Appellant.
 No. 91-10125.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1992.*
Decided Jan. 29, 1992.
 
 Before CHOY, SCHROEDER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Whidden appeals his conviction and sentence under the Sentencing Guidelines, following a jury trial for armed bank robbery, use of a deadly weapon in the commission of a crime of violence, possession of an unregistered firearm, and unlawful possession of a firearm by a felon.
 
 
 3
 Whidden's convictions stem from his participation in an armed robbery in Las Vegas, Nevada, with codefendants Margaret Ann Whidden and Mark Robert Robe. With a large cache of weapons, Whidden drove Robe to a Valley Bank branch where Robe robbed three tellers at gunpoint. After the robbery, Whidden and Robe rendezvoused with Margaret Whidden who was waiting in a rented motor home. After transferring money and weapons from the rental car to the motor home, Whidden and Robe travelled in the motor home until being stopped by Metropolitan police. Margaret Whidden drove the rental car and was apprehended sometime later. Recovered in the motor home were a semiautomatic pistol, assault rifles, a 20-gauge shotgun, ammunition, police scanners, a makeup and mustache disguise kit and a plastic bag containing $19,548.
 
 ANALYSIS
 
 4
 * Whidden contends that the bank robbery counts, I and II, should not have been joined with the firearm counts, III and IV. Misjoinder of charges is an issue of law, reviewable de novo. United States v. Smith, 795 F.2d 841, 850 (9th Cir.1986). A trial court's decision not to sever is reviewed for abuse of discretion. Id. at 850. The test is whether joinder was so prejudicial that the trial judge was compelled to exercise his discretion to sever. United States v. Nolan, 700 F.2d 479, 482 (9th Cir.), cert. denied, 462 U.S. 1123 (1983).
 
 
 5
 "The defendant has the burden of proving that the joint trial was manifestly prejudicial." United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir.1986). There is no prejudice, however, where the bulk of the evidence was admissible absent the joinder. Lewis at 1321 (citing United States v. Irvine, 756 F.2d 708, 712 (9th Cir.1985)). While there is no per se rule in this circuit, the general test is whether evidence is independently admissible. Lewis at 1322.
 
 
 6
 In this case, the weapons recovered when the motor home was stopped tended to prove that Whidden was involved in the robbery. In fact, since Whidden was apprehended with Robe who used a firearm during the robbery, their sizable arsenal was a direct link to the crime.
 
 
 7
 Two offenses may be joined in the indictment under Rule 8(a) only if the offenses charged ... are the same or similar character or based on the same act or transaction or on two or more acts or transactions connected together that constitute the parts of a common scheme or plan.
 
 
 8
 United States v. Smith, 795 F.2d 841, 850 (9th Cir.1986) (quoting FED.R.CRIM.P. 8(a)), cert. denied, 481 U.S. 1032 (1987). The term "transaction is to be interpreted flexibly and 'may comprehend a series of related occurrences.' " United States v. Terry, 911 F.2d 272, 276 (9th Cir.1990) (quoting United States v. Kinslow, 860 F.2d 963, 966 (9th Cir.1988), cert. denied, 493 U.S. 829 (1989)).
 
 
 9
 Rule 8 is concerned with "the propriety of joining offenses in the indictment." Terry at 276. Consequently, the validity of the joinder is determined by the indictment itself. Id. The possession of the firearms were clearly linked to the armed robbery. In the indictment, the defendant was alleged to have used a "dangerous weapon ... a firearm" in count I. Those weapons were identified in count II as an AR-7 Explorer and a .22 caliber LR pistol and, finally, in count III as a Mossburg, 20 gauge shotgun. In count IV he was alleged to have been a felon in possession of a firearm.[1]
 
 
 10
 "Two crimes are connected together if the proof of one crime constitutes a substantial portion of the proof of another." Terry at 276, citing United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir.1984). In Terry, this court reversed because drug possession charges were improperly joined with a firearm charge. Possession of methamphetamines and possession of firearms do not contain the same elements. In this case, by contrast, the possession of a firearm is a substantial and essential element of each offense.
 
 
 11
 In Schaffer v. United States, 362 U.S. 511 (1960), the Supreme Court said that when the indictment invites joint proof, the prima facie validity of a joinder is shown. Id. at 514-15. See also United States v. Portac, Inc., 869 F.2d 1288, 1294 (9th Cir.1989) (joinder is proper when the same facts may be adduced to prove each of the joined offenses). The firearm was an essential element of each count.
 
 
 12
 Additionally, Whidden cannot claim prejudice from the fact that his status as a felon was made known to the jury. In United States v. Burgess, 791 F.2d 676 (9th Cir.1986), this court held that it was not prejudicial to include the unlawful possession by a felon charge when "[n]either the nature of the crime nor the length of the sentence was disclosed." Id. at 679.
 
 
 13
 Likewise, Whidden cannot assert a violation of Rule 14. While Whidden would not have succeeded on the merits because he has not shown "specific and compelling prejudice," he has waived a Rule 14 severance motion by not renewing it at the close of evidence. United States v. Smith, 893 F.2d 1573, 1581 (9th Cir.1990).
 
 II
 
 14
 Whidden claims that in violation of FED.R.EVID. 404(b), the district court erred by admitting a makeup and disguise kit into evidence that was found in his vehicle at his arrest. His argument is misplaced.
 
 FED R.EVID. 404(b) prohibits:
 
 15
 [E]vidence of other crimes, wrongs, or acts ... to prove the character of a person in order to show action and conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.
 
 
 16
 The disguise kit does not comfortably fit within the 404(b) analysis because it is not a prior bad act. The rule does, however, highlight its admissability, and Whidden argues that it evidences a bad act so we will address it as such. The kit could demonstrate proof of intent, preparation or a plan, all exceptions to the 404(b) prohibition. As the government argues, the disguises were circumstantial evidence that corroborated Robe's testimony that the defendant intended to rob a bank. It did not tend to prove that Whidden had a propensity for robbing banks but that he was preparing to do so. Under FED.R.EVID. 403, its probative value outweighed any prejudicial effect because the prejudice derived from the evidence was that it tended to prove that he planned to rob a bank. Probative evidence will always be prejudicial. United States v. Monahan, 633 F.2d 984, 985 (1st Cir.1980). The prejudice 403 was intended to avoid, however, was that which was unfair because it tended to suggest a decision on an improper basis, such as an emotional one. FED.R.EVID 403 advisory committee's note. The disguise kit was properly admitted into evidence.
 
 III
 
 17
 Whidden maintains that the trial court calculated the wrong sentence based on his total offense level of 27 and criminal history of category V. The government concedes this issue. While the trial court calculated the sentence to be from 130 to 162 months, the correct range based on the United States Sentencing Guidelines is from 120 to 150 months. This case is remanded to the district court for proper sentencing.
 
 IV
 
 18
 Whidden lastly complains that his sentence on count III should not run consecutively to the sentence on count I. The trial court's application of the guidelines is reviewed de novo. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990). While § 5G1.3 "appears to require concurrent sentences if the same transaction is involved, it is subservient to 18 U.S.C. § 3584(a), which makes the decision whether to impose a consecutive or concurrent sentence a matter of the trial judge's discretion." United States v. Burns, 894 F.2d 334, 337 (9th Cir.1990). The trial court did not abuse its discretion.
 
 
 19
 Whidden complains because the 27 months he was sentenced to in count III was ordered to run consecutively to count I. He does not complain, however, about the 60-month consecutive sentence imposed for count II. In practical terms, count III was sentenced concurrently with count II. Consequently, there was no upward departure for Whidden to protest. See United States v. Brady, 928 F.2d 844, 850 (9th Cir.1991) (consecutive sentences may be imposed only if no count carries an adequate maximum sentence).
 
 
 20
 The government points out, however, that the sentence imposed was internally inconsistent. Count III was to run consecutively to count IV but count IV was to run concurrently with count III. Upon remand, the district court is asked to clarify this minor discrepancy.
 
 
 21
 Whidden's convictions are AFFIRMED. The sentence is VACATED and REMANDED for a new computation.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Count I of the indictment was bank robbery; count II was use of a deadly weapon in the commission of a crime of violence; count III was possession of an unregistered firearm; and count IV was unlawful possession of a firearm by a felon