52 F.3d 327
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kimothy K. ROSS, Defendant-Appellant.
 No. 94-1882.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1995.
 
 Before: MARTIN, RYAN, and GIBSON*, Circuit Judges.
 
 ORDER
 
 1
 Kimothy K. Ross, a pro se federal prisoner, appeals a district court judgment denying his motion to correct his illegal sentence filed pursuant to Fed.R.Civ.P. 35. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In January 1988, Ross was indicted with four co-defendants for conspiracy to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1) and 846. In April 1988, a jury found Ross guilty, and he was sentenced to 360 months of imprisonment. This court affirmed Ross's conviction and sentence on appeal. United States v. Ross, Case No. 88-1756 (6th Cir. April 19, 1990) (per curiam).
 
 
 3
 In his motion to correct sentence, Ross argued that his term of imprisonment should not have exceeded 15 years and that his sentence is parolable. The district court denied the motion as without merit, for the reasons stated in the government's response. Ross has filed a timely appeal, reasserting his same claim. In addition, he argues that the district court improperly sentenced him to a term of supervised release.
 
 
 4
 Upon review, we conclude that the district court should have construed Ross's motion as a motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255, because effective November 1987, Rule 35 was amended so that defendants may no longer seek relief pursuant to Rule 35. Cf. United States v. Snelling, 961 F.2d 93, 96-97 (6th Cir.1991) (per curiam) (a defendant's sentence may be corrected pursuant to Rule 35 only upon a motion filed by the government). Nonetheless, we conclude that Ross's nonconstitutional claim was properly denied because he has not shown a fundamental defect in the proceedings that inherently resulted in a miscarriage of justice or an error so egregious that it amounts to a violation of due process. Reed v. Farley, 114 S.Ct. 2291, 2297, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 5
 Indeed, Ross has waived his right to assert his claim as he did not assert it in his direct appeal. Claims that could have been raised on direct appeal may not be raised in a Sec. 2255 motion unless the defendant demonstrates cause and prejudice to excuse his failure to do so. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993); see also Reed, 114 S.Ct. at 2300. No cause is alleged or apparent from a review of the record, and for the following reasons, it is clear that Ross has suffered no prejudice.
 
 
 6
 First, a review of the record and the criminal statutes involved establishes that Ross was not sentenced beyond the statutory maximum for his offense in effect at that time. While Ross was sentenced to 360 months of imprisonment, he actually faced life imprisonment under 21 U.S.C. Sec. 641(b)(1)(A) as the government established the distribution of over 50 grams of crack and over five kilograms of cocaine. Second, the amendment to 21 U.S.C. Sec. 846 had no effect on Ross's sentence. While the amendment sets forth a minimum sentence, Ross was not sentenced pursuant to the minimum, as the applicable guidelines produced a sentence higher than the statutory minimum. Because the statutory minimum had no effect on his sentence, Ross's challenge to the statute is meritless. Finally, contrary to Ross's argument, his sentence was not parolable because the underlying acts of his offense occurred in January of 1988 and parole was abolished through the Sentencing Reform Act, effective November 1, 1987. See United States v. Taggatz, 831 F.2d 1355, 1362 (7th Cir.1987); Farese v. Story, 823 F.2d 975, 977 (6th Cir.1987) (per curiam).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John R. Gibson, Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation