Kimothy K. ROSS, Petitioner–Appellant,

v.

John HEMINGWAY, Warden, Respondent–Appellee.

No. 01–1450.

United States Court of Appeals, Sixth Circuit.

Sept. 21, 2001.

Before BATCHELDER and COLE, Circuit Judges; BECKWITH, District Judge.*

Kimothy K. Ross, a pro se federal prisoner, appeals from a district court order dismissing his petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1988, a jury convicted Ross of conspiracy to distribute cocaine base and cocaine. *See* 21 U.S.C. §§ 841(a)(1) and 846. Ross received a 360 month sentence. His direct appeal was unsuccessful. He also filed a Federal Rule of Criminal Procedure 35 motion, which was treated as a 28 U.S.C. § 2255 motion and was denied. The denial was affirmed on appeal. Subsequent post-conviction proceedings were also unsuccessful.

In his present § 2241 petition, Ross claims that his sentence is invalid under the Supreme Court case of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Ross argues that his statutory maximum should have been 20 years under 21 U.S.C. § 841(b)(1)(C) instead of life in prison under § 841(b)(1)(A). The district court denied relief because Ross had not shown that his remedy under § 2255 was "inadequate or ineffective." *See* 28 U.S.C. § 2255, fifth ¶.

It is clear that the only claim that this court might recognize as inadequate or ineffective under § 2255 must be based on a showing of actual innocence. *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999). Assuming that an actual innocence exception for an *Apprendi* claim exists under § 2255, a petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim. *Id.* at 757.

■■■ In Ross's appeal from the denial of his Rule 35 motion, this court concluded that the government had established the distribution of over 50 grams of "crack" (cocaine base) and over five kilograms of cocaine. *See United States v. Ross,* No. 94–1882, 52 F.3d 327, 1995 WL 234675, at *1 (6th Cir. Apr.20, 1995) (unpub.decision). It is proper for a federal court in post-conviction relief proceedings to rely on the factual conclusions made by the appellate court in the same case. *See Myers v. United States,* 198 F.3d 615, 619 (6th Cir. 1999). Ross has not challenged these conclusions which show that he was subject to a maximum sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). At most Ross has shown the legal insufficiency of his sentence, not factual innocence.

The order of the district court is affirmed under Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation.