**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted February 21, 2007[*]

Decided February 26, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

| | |
|---|---|
| No. 06-3047<br><br>KIMOTHY K. ROSS,<br>    *Petitioner-Appellant*,<br><br>    *v.*<br><br>R. V. VEACH, Warden,<br>    *Respondent-Appellee*. | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2:06-cv-73-LJM-WTL<br>Larry J. McKinney, *Chief Judge*. |

**Order**

Kimothy Ross was convicted in 1988 of conspiracy to distribute cocaine. He contends in this action under 28 U.S.C. §2241 that he is today eligible for parole and additional good-time credits that would require his release before the date calculated by the Bureau of Prisons. The action was filed, as §2241 requires, in the district of Ross's custody. See *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). But Ross was convicted in the Eastern District of Michigan, not the Southern District of Indiana, where Ross is imprisoned (at USP Terre Haute). The district court concluded that Ross's beef is with his sentence rather than the way the Bureau of Prisons has administered that sentence, and it dismissed the action on the ground that 28 U.S.C. §2255 ¶5 forecloses resort to §2241.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

Ross does not deny that the Bureau of Prisons has implemented the sentence as actually pronounced. That sentence was affirmed on direct appeal, *United States v. Ross*, No. 88-1756 (6th Cir.) (unpublished order), cert. denied, 498 U.S. 839 (1990). A motion for relief under Fed. R. Crim. P. 35 on the ground that the sentence was illegal was denied in the district court, and that decision too was affirmed. *United States v. Ross*, No. 94-1883 (6th Cir. Apr. 20, 1995) (unpublished order). The argument Ross made then is the same one he advances now: that his criminal activity began before November 1, 1987, the effective date of the Sentencing Reform Act of 1984, and so his sentence should have been based on the old law—and as a consequence would have allowed parole and extra good-time credits.

The Eastern District of Michigan sentenced Ross under the 1984 Act. The Bureau of Prisons has proceeded accordingly. Whether the district judge erred in imposing sentence under the 1984 Act is the only substantive issue in the case, and given §2255 that subject must be litigated in the Eastern District of Michigan, just as the district court held.

It would be inappropriate to transfer this proceeding to the Eastern District of Michigan under 28 U.S.C. §1631, for two reasons. First, Ross's argument has been raised there and rejected; that decision, affirmed by the Sixth Circuit, is preclusive. (Ross does not argue that any exception to *res judicata* is applicable. The law today is the same as it was in 1995: criminal conduct begun before November 1, 1987, and continued thereafter comes within the scope of the 1984 Act. See *United States v. Masters*, 924 F.2d 1362, 1369 (7th Cir. 1991).) Second, a motion in the sentencing court under §2255 would be untimely, given the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996. Ross's time to present his argument under §2255 expired in April 1997, almost a decade ago. There is no point in dragging out this collateral litigation.

AFFIRMED