NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0523n.06

No. 09-1239

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 18, 2010**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff–Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KIMOTHY ROSS, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant–Appellant. | ) | |
| | ) | |

Before: GIBBONS and COOK, Circuit Judges; and VAN TATENHOVE, District Judge.[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant–appellant Kimothy Ross appeals

the district court's orders granting in part his motion to reduce his sentence pursuant to 18 U.S.C.

§ 3582(c) and denying his motion for a correction of sentence under Federal Rule of Criminal

Procedure 35(a). However, we lack jurisdiction to review the sentence reduction because the appeal

of that decision is untimely and lack jurisdiction to review the order denying sentence correction

under Rule 35(a) because that motion is now moot. For these reasons, we dismiss Ross's appeal.

I.

In January 1988, a grand jury indicted Ross on one count of conspiracy to possess with intent

to distribute and to distribute cocaine and cocaine base (crack) in violation of 21 U.S.C. §§ 846 and

841(a)(1). A jury found Ross guilty, and the district court sentenced him to 360 months

---

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern
District of Kentucky, sitting by designation.

imprisonment, which was the low end of the applicable sentencing range established by the United States Sentencing Guidelines. We affirmed Ross's conviction and sentence, *United States v. Ross*, 900 F.2d 260, 1990 WL 47589 (6th Cir. Apr. 19, 1990) (*per curiam*) (unpublished table opinion), and denied a second appeal of his sentence, filed under Federal Rule of Criminal Procedure 35(a) but construed as a claim brought under 28 U.S.C. § 2255, *United States v. Ross*, 52 F.3d 327, 1995 WL 234675 (6th Cir. Apr. 20, 1995) (unpublished table opinion). We also denied Ross's subsequent petition for *habeas corpus* under 28 U.S.C. § 2241. *Ross v. Hemingway*, 20 F. App'x 371 (6th Cir. 2001). Finally, the Seventh Circuit rejected Ross's second § 2241 petition, which the court dismissed because it found that the petition challenged the sentence under the guise of challenging the application of the sentence by the Federal Bureau of Prisons. *Ross v. Veach*, 218 F. App'x 508 (7th Cir. 2007).

Following amendments to the Guidelines permitting modification of certain prior sentences based on crack cocaine, Ross filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(1)(B)(2) to modify his sentence. Ross sought a sentence of time served, which he thought warranted in light of the two-level departure permitted by Amendment 706 to the Guidelines, consideration of the 18 U.S.C. § 3553(a) sentencing factors, and an application of *United States v. Booker*, 543 U.S. 220 (2005). On October 2, 2008, the district court granted the motion in part and sentenced him to 324 months, which is the low end of his amended Guidelines range.

On October 9, 2008, Ross filed a *pro se* motion for reducing or correcting a sentence pursuant to Rule 35(a). Ross accepted the 324-month-reduced sentence but further "s[ought] correction or reduction of sentenced [sic] to time served, after considering the factors set forth in section 3553(a)

to the extent that they are applicable, if such a reduction is consistent with policy statements issued by the Sentencing Commission." On February 9, 2009, the district court denied the motion, finding that "there was no error in the resentencing process given the limited basis for the resentencing." Ross filed a notice of appeal *pro se* "from an Order issued by the [district court] . . . on February 9, 2009, denying Plaintiff's Motion To Correct/Reduce Sentence." In his brief before this court, however, Ross appears to challenge both the original October 2, 2008, order modifying his sentence pursuant to § 3582(c)(1)(B)(2) and the Rule 35(a) order. We lack jurisdiction to consider either appeal.

## II.

We "review the threshold jurisdictional question de novo." *United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) (citations omitted). "[A]lthough a court may construe the [Federal Rules of Appellate Procedure] liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown.'" *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317 (1988).

## A.

An appeal of the district court's October 3, 2008, order reducing Ross's sentence is foreclosed by Federal Rule of Appellate Procedure 4(b)(1)(A)(i), which requires a notice of appeal to be filed within fourteen days of "the entry of either the judgment or the order being appealed." We have found that Rule 4(b) is jurisdictional and that a Rule 35(a) motion does not toll the time permitted under Rule 4(b)(1)(A) to file a notice of appeal for a sentence modification pursuant to § 3582(c). *See United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) (citing § 3582 and Fed. R.

App. P. 4(b)(5)). The district court's order reducing Ross's sentence was issued on October 2, 2008, and the notice of appeal was filed on February 23, 2009. Therefore, we are without jurisdiction to hear any appeal of the October 3, 2008, order that may or may not be incorporated into Ross's notice of appeal.[1]

B.

We similarly cannot exercise jurisdiction over Ross's appeal of the denial of his Rule 35(a) motion because that motion is now moot. The version of Rule 35(a) effective at the time provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." We have found that the seven-day limit is jurisdictional and have "h[e]ld that Rule 35 requires a district court to actually resentence a defendant within the seven-day period therein prescribed." *United States v. Vicol*, 460 F.3d 693, 695 (6th Cir. 2006). "In so holding, we rel[ied] on the plain language of the rule, which makes clear that the district court must correct the sentence within the time limitation imposed, and not simply take some other undefined action toward that end, such as scheduling a hearing on the Rule 35 motion." *Id.*

In *Vicol*, we adopted the reasoning of several cases from other circuits that are similar to the one before us now. In those cases, courts found that the district courts lacked jurisdiction to correct or reduce a sentence under Rule 35(a) because the district courts failed to rule on the timely filed

---

[1]Even if we could exercise jurisdiction over this appeal, it is foreclosed by recent decisions by the Supreme Court and by this court. *See Dillon*, 130 S. Ct. 2683 (2010); *United States v. Washington*, 584 F.3d 693, 696 (6th Cir. 2009). In *Dillon*, the Court held that a district court reducing a sentence pursuant to § 3582(c) cannot set a sentence below the low end of the amended Guidelines range, regardless of the persuasiveness of any § 3553(a) factors. *See Dillon*, 130 S. Ct. at 2691–92. In Ross's case, the district court reduced Ross's sentence to the low end of his amended Guidelines range. *Dillon* therefore would preclude any further reduction in sentence.

Rule 35(a) motions within the seven-day window. *See id.* (citing *United States v. Green*, 405 F.3d 1180 (10th Cir. 2005), *United States v. Penna*, 319 F.3d 509 (9th Cir. 2003), and *United States v. Wisch*, 275 F.3d 620 (7th Cir. 2001)). Because the district court failed to rule on Ross's Rule 35(a) motion within seven days of the sentence reduction, the district court lacks authority to correct the sentence. Even upon remand, therefore, the district court could not provide the relief sought by Ross, and his appeal is moot. *See Wedgewood Ltd. P'ship v. Twp. of Liberty*, — F.3d —, 2010 WL 2583410, at \*5 (6th Cir. June 28, 2010) ("The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties.").

### III.

For the foregoing reasons, we dismiss Ross's appeal for lack of jurisdiction.