**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0581n.06
Filed: August 15, 2006

**No. 05-6324**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES**, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| *Plaintiff-Appellee*, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF KENTUCKY |
| v. | ) | |
| | ) | **O P I N I O N** |
| **RAYMOND ARNOLD FAIR**, | ) | |
| | ) | |
| *Defendant-Appellant*. | ) | |

**BEFORE:** **BOGGS, and COLE, Circuit Judges; HOOD, District Judge.**[*]

**R. GUY COLE, JR., Circuit Judge.** Raymond Andrew Fair pleaded guilty to illegal reentry by an alien following deportation, in violation of 18 U.S.C. § 1326(a), and was sentenced to twenty-seven months' imprisonment. The government subsequently moved, pursuant to Fed. R. Crim. P. 35(a), to correct Fair's sentence. The district court granted the government's motion, and resentenced Fair to forty-six months' imprisonment. We vacate the sentence and remand this case with instructions to reinstate the original sentence.

**I.**

On June 19, 2000, Fair was deported to Jamaica after being convicted of a drug-related felony. Fair returned to the United States, where he was arrested again in Kentucky and placed in

---

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan, sitting by designation.

jail. On January 3, 2005, Fair was recognized by an INS agent who was visiting the facility where Fair was detained. Fair was charged in federal court with illegal reentry into the United States following deportation, in violation of 18 U.S.C. § 1326(a).

Fair pleaded guilty to the sole count of the indictment. The Office of Probation and Pretrial Services prepared a presentence investigation report (PSI). The PSI recommended a base offense level of eight, a sixteen-level enhancement under USSG §2L1.2(b)(1)(A)(i) because Fair had a least one prior felony conviction for drugs, and a three-level reduction for acceptance of responsibility, resulting in an offense level of twenty-one. The PSI placed Fair in criminal history category III based on five criminal history points derived from Fair's four previous convictions in state court. The first two convictions, for possession of stolen property and driving with a suspended license, did not increase Fair's criminal history points. The second two, for the attempted unlawful sale of a controlled substance and for the unlawful sale of a controlled substance, increased Fair's criminal history points by two and three respectively. Following Fair's second and fourth conviction, the PSI noted that it was "unknown whether or not the defendant was represented by counsel in this matter." Ultimately, the PSI recommended an advisory guideline range of forty-six to fifty-seven months' imprisonment.

Fair objected to the PSI's use of his fourth conviction in the calculation of his criminal history points on the ground that it is unconstitutional to enhance a defendant's sentence based on prior convictions in which a defendant was not represented by counsel. *See United States v. Custis*, 511 U.S. 485, 494 (1994). The district court asked Fair at his sentencing hearing about his prior conviction and Fair replied that he could not remember whether he had been represented by counsel.

The government argued that it was Fair's burden to show that he was uncounseled, and that a failure to remember did not satisfy that burden. *See Parke v. Raley*, 506 U.S. 20, 29 (1992). The district court sustained Fair's objection, thus counting only one of Fair's two relevant prior convictions, finding the other to be uncounseled. The court stated that it had "considered the advisory guidelines and 3553(a) of Title 18," and sentenced Fair to twenty-seven months, premised on a base offense level of seventeen and a criminal history category of II.

The district court imposed Fair's sentence on August 1, 2005. On August 4, the government moved, pursuant to Fed. R. Crim. P. 35(a), to correct the sentence. The government argued again that it was Fair's burden to establish that he was not represented by legal counsel in connection with his prior conviction, and that his failure to recall does not discharge that burden. The government cited additional precedent to this effect. The government also attached a state court document to its motion, which it had received from the Office of Probation and Pretrial Services after sentencing. This document, labeled "Notice of Appearance," indicated that Fair was represented by counsel in connection with the disputed conviction.

On August 9, 2005, the district court held a telephonic conference with the parties. Although no recorder was present, Fair apparently requested additional time to prepare a response. The court scheduled a hearing for August 16. In his August 12 response to the government's motion, Fair argued that additional citation to case law was not the sort of "clear error" at which Rule 35(a) was aimed. He also argued that Rule 35(a) had a strict seven-day time limit that, he claimed, had elapsed.

At the hearing, the district court questioned the probation officer as to why the court had not had the benefit at sentencing of the state court notice of appearance indicating that Fair had been represented by counsel, or at least the knowledge that additional documents were forthcoming. The probation officer stated that in the future his office could alert the court to the possible existence of additional documents. In any event, the government agreed with Fair that the late notice of appearance document could not constitute a basis to amend his sentence. The district court asked counsel for the government, "according to you . . . the only error that the court could consider here is the assignment of the burden of proof here, is that right?" Counsel responded, "That's correct, Your Honor. I don't think there's any provision that would enable the court to reopen the hearing and consider new evidence."

The district court noted that its error was neither arithmetic nor technical. The court expressed uncertainty as to "whether an error of law in assigning burden of proof is clear error or not," and "whether this is the type of error that is contemplated by [Rule] 35(a)." The district court also expressed its uncertainty as to whether it had jurisdiction to correct its sentence outside of Rule 35(a)'s seven-day limit. Ultimately, however, the court was "convinced that [it] erred in assigning the burden of proof to the United States," and thus granted the government's motion. Accordingly, Fair was resentenced to forty six months' imprisonment. This timely appeal followed.

**II.**

Rule 35(a) reads simply: "Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Our sister circuits have construed this seven-day time limit strictly. *See United States v. Lopez*, 26 F.3d 512, 519 n.8 (5th Cir. 1994)

("[T]he seven-day limit in Rule 35(c)[1] constitutes a jurisdictional restraint on the district court's power to alter sentence."); *United States v. Morillo*, 8 F.3d 864, 869 (1st Cir. 1993); *United States v. Turner*, 998 F.2d 534, 536 (7th Cir. 1993) (same). We too have noted that a district court's failure to abide by Rule 35(a)'s seven-day time limit may be a "basis for reversal." *United States v. Arroyo*, 434 F.3d 835, 838 n.2 (6th Cir. 2006).

When Fair filed his response to the government's motion, the seven-day limit had not yet run. *See* Fed. R. Crim. P. 45(a) (excluding the day of the event, weekends, and holidays from the time calculation); *id.* at 45(c) (allowing three additional days when motions travel by mail). However, the time period had expired by August 16, the date upon which the district court corrected its original sentence. Because the district court was without jurisdiction to correct Fair's sentence under Rule 35(a) on August 16, we must vacate and remand. The government may, of course, appeal Fair's sentence on remand.

## III.

For the preceding reasons we **VACATE** Fair's sentence and **REMAND** this case with instructions to impose the original, twenty-seven month sentence.

---

[1]Cases decided before 2002 reference Fed. R. Crim. P. 35(c) instead of 35(a). It is the same rule: Rule 35(c) was amended in 2002 and is now located at Rule 35(a). *See* Fed. R. Crim. P. 35 (advisory committee notes).