RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 06a0344p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

Nos. 05-2155/2156

JOSHUA BRUCE VICOL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 03-00202—Richard A. Enslen, District Judge.

Argued: June 23, 2006

Decided and Filed: September 6, 2006

Before: RYAN and COOK, Circuit Judges; FORESTER, Senior District Judge.[*]

_____

**COUNSEL**

**ARGUED:** William J. Stevens, Lakeside, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** William J. Stevens, Lakeside, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

**OPINION**

_____

KARL S. FORESTER, Senior District Judge. This case requires us to determine what action a district court must take to remain within the jurisdictional limitations of Federal Rule of Criminal Procedure 35(a), which permits a court to "correct a sentence" no later than seven days after that sentence is orally pronounced. Today we hold that the phrase "correct a sentence" as used in Rule 35 requires a district court to actually resentence a defendant within seven (7) days after the court first orally sentences that defendant. We find that in the present case the district court acted beyond its jurisdiction and thus **VACATE** the related judgments and **REMAND** for further proceedings consistent with this opinion.

_____

[*] The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

# I.  Background

On November 8, 2004, Joshua Bruce Vicol was convicted on one count of kidnapping. According to the presentence investigation report, the United States Sentencing Guidelines (the "Guidelines") called for a base offense level of 32 which, along with Vicol's criminal history category and other increases, would have resulted in a sentencing range of between 360 months and life in prison.  At the sentencing hearing held on Wednesday, July 6, 2005, Vicol argued that the lower base offense level in the previous Guidelines Manual applied because the increase took effect only after the crime had occurred.  Relying in part on this court's decision in *United States v. Davis*, 397 F.3d 340 (6th Cir. 2005), the district court applied the lower base offense level of 24, which it believed to be dictated by the previous Guidelines Manual, and sentenced Vicol to the highest sentence provided by the Guidelines range or 188 months.

The next day, on Thursday, July 7, 2005, the government filed a motion to correct the sentence pursuant to Rule 35(a), asserting that amendments to the earlier Guidelines Manual in fact called for a base offense level of 32.  Thus, even if the earlier Guidelines Manual applied, Vicol was not entitled to a lower base offense level.  The district court, apparently recognizing the error, withheld entry of judgment of the 188-month sentence and entered an order on Monday, July 11, 2005, scheduling a hearing on the government's Rule 35 motion and setting the matter for resentencing on Monday, July 18, 2005.

At the resentencing hearing, the district court rejected Vicol's argument that the district court had lost its authority to correct the sentence because seven days had passed since sentence was orally imposed, noting that it had acted within seven days by entering an order scheduling another sentencing hearing.  The district court then applied the base offense level of 32 and sentenced Vicol to 360 months in prison.

Judgment was filed of record on July 21, 2005, referencing the "Date of Imposition of Judgment" as July 18, 2005, the date of the second sentencing hearing.  Vicol filed his first notice of appeal on July 26, 2005, appealing from the sentence imposed on July 18, 2005, and the final judgment entered on July 21, 2005.  An amended judgment was filed in the record on August 19, 2005, again referencing a July 18th date of imposition, and Vicol filed a second timely notice of appeal.

# II.  Analysis

## A.  The District Court's Jurisdiction To Resentence Vicol

Federal Rule of Criminal Procedure 35 provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  It further provides that for purposes of Rule 35, "'sentencing' means the oral announcement of the sentence[,]" as opposed to entry of judgment on the record.  Fed. R. Crim. P. 35(c).

Several courts of appeals have considered the question presented to the court today.  The first circuit to address this issue was the Eleventh Circuit in *United States v. Morrison*, 204 F.3d 1091 (11th Cir. 2000).  In *Morrison*, the district court had set aside an incorrect sentence within seven days of orally pronouncing it, but did not impose a new sentence until more than seven days had passed.  The Eleventh Circuit ultimately held that the rule required the district court to impose the new and corrected sentence before the seven-day limit had expired, even though the lower court had set aside the incorrect sentence within that time frame.  *Id.* at 1094.  Next, the Seventh Circuit considered the question in *United States v. Wisch*, 275 F.3d 620 (7th Cir. 2001), wherein the defendant filed – but the court did not rule on – a Rule 35 motion within the seven-day window.  The Seventh Circuit held that the motion must be ruled on by the district court within seven days, not

just filed with the clerk of court, *id.* at 626, and affirmed the district court's ruling that it lacked jurisdiction to correct the sentence. *Id.* at 627. The Ninth and Tenth Circuits have reached similar conclusions. *See United States v. Green*, 405 F.3d 1180 (10th Cir. 2005) (holding that district court lacked jurisdiction to resentence defendant beyond the seven-day time period, despite the fact that the court had entered an order within that time frame scheduling a hearing on the Rule 35 motion); *United States v. Penna*, 319 F.3d 509 (9th Cir. 2003) (reinstating original sentence and holding that district court erred when it vacated defendant's sentence within the seven-day window, but failed to resentence the defendant within the same seven-day period).

We join with these circuit courts and hold that Rule 35 requires a district court to actually resentence a defendant within the seven-day period therein prescribed. In so holding, we rely on the plain language of the rule, which makes clear that the district court must correct the sentence within the time limitation imposed, and not simply take some other undefined action toward that end, such as scheduling a hearing on the Rule 35 motion. We find the following reasoning from the Tenth Circuit in the *Green* case particularly persuasive:

> The fact that Defendant made a motion for resentencing within the seven-day period, and that the district court scheduled a hearing on that motion within the seven-day period, did not extend the district court's jurisdiction to dispose of the motion beyond the seven-day period. Rule 35(a) makes no provision for the extension of this period based on a timely motion by a party. The plain language of the rule—which states that "[w]ithin 7 days after sentencing, *the court* may correct a sentence," Fed. R. Crim. P. 35(a) (emphasis added)—makes clear that the seven-day period limits the time in which a court may impose a corrected sentence, not the time in which a party may make a motion for such a sentence. That Rule 35(a) speaks in terms of actions by a court, and not a party, is telling: The other portions of Rule 35 speak of actions by a party, so the omission of such terms in Rule 35(a) appears intentional. *See* Fed. R. Crim. P. 35(b)(1) ("Upon the government's motion . . . ."); Fed. R. Crim. P. 35(b)(2) (same).

*Green*, 405 F.3d at 1186; *see also United States v. Arroyo*, 434 F.3d 835, 838 n.2 (6th Cir. 2006) (suggesting a district court was without jurisdiction to correct a defendant's sentence outside of the seven-day time limit).

In Vicol's case, the district court retained jurisdiction to correct his pronounced sentence pursuant to Rule 35(a) only through Friday, July 15, 2005, and therefore was without jurisdiction to amend Vicol's sentence at the second sentencing hearing held on July 18, 2005.[1] The fact that the government filed its motion pursuant to Rule 35 within the seven-day period and that the district court entered an order within the seven-day period scheduling a hearing on that motion did not extend the district court's jurisdiction to dispose of the motion beyond the seven-day period. Likewise, the fact that the district court intentionally withheld entry of the judgment on the original sentence did not extend its jurisdiction under Rule 35. The district court's power to alter the sentence expired on July 15, 2005.

The cases relied upon by the government do not support its argument that only some affirmative "act" is required by the district court within the seven-day window. In *United States v. Morillo*, 8 F.3d 864 (1st Cir. 1993), for example, the First Circuit noted in passing that "if a [Rule 35] motion is timely made *but is not decided within the seven-day period*, the judge's power to act under the rule subsides . . . ." *Id.* at 869 (emphasis added). This suggests that the First Circuit

---

[1]We calculate these dates pursuant to Federal Rule of Criminal Procedure 45, which dictates that when computing time for purposes of the criminal rules we are to exclude the day of the act that begins the period and exclude intermediate Saturdays, Sundays, and legal holidays, since the period is less than 11 days. Fed. R. Crim. P. 45(a)(1)-(2).

would require more than just "some act" by the district court during the seven-day period. Likewise, in *United States v. Austin*, 217 F.3d 595 (8th Cir. 2000), the Eighth Circuit noted that Rule 35 "plainly commands the court to act within seven days, and thus after seven days the motion is effectively denied and any doubt concerning the finality of the sentence is ended." *Id.* at 598. As in *Morillo*, this necessarily suggests that the district court must rule on the Rule 35 motion within the seven-day period, not simply set a hearing to decide the motion at a later date.

## B. Proper Remedy

Having determined that the district court was without jurisdiction to correct Vicol's sentence on July 18, 2005, we must determine what the proper remedy is in this case. The government contends that because the initial sentence was in error and because Vicol appealed both sentences, we have the authority to declare the first sentence incorrect and impose the second, notwithstanding the fact that the district court acted outside of its jurisdiction under Rule 35(a). We must reject this suggestion.

First, the government is mistaken—the question of whether the initial sentence was correct is not currently before this Court. Vicol's notices of appeal refer to the judgment entered July 21, 2005, on the July 18th sentence and the amended judgment entered August 19, 2005. Neither the judgments nor the notices of appeal refer to the 188-month sentence imposed on July 6, 2005. *See United States v. Barragan-Mendoza*, 174 F.3d 1024 (9th Cir. 1999) (holding that the court of appeals did not have jurisdiction to consider the first sentence where the only question before it was the district court's action on the Rule 35 motion). Thus, the correctness of the July 6, 2005, sentence is not properly before this Court. Rather, the only sentence Vicol appeals is the 360-month sentence reflected in the final judgment (and its amendment).

A district court may modify a sentence already imposed only in extremely limited circumstances; the circumstance relevant to Vicol's case is Rule 35 correction. 18 U.S.C. § 3582(c)(1)(B). And because the district court did not follow the strict requirements of Rule 35 in attempting to correct its earlier imposition of a 188-month sentence, only the appellate review procedure specified in 18 U.S.C. § 3742 remains available as an avenue to correct the sentence.

Furthermore, in the wake of the government's immediate filing of the "Motion to Correct Sentence," the district court never entered judgment on the original 188-month sentence. *See* Fed. R. Crim. P. 32(k)(1) ("In the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence."). Thus, in addition to vacating the later-pronounced, 360-month sentence, we remand to the district court with instructions to enter final judgment on the original 188-month sentence. Both parties will have an opportunity to appeal the 188-month sentence reflected in that judgment. *See* Fed. R. App. P. 4(b)(1) (setting forth the time limits for filing notices of appeal after judgment is entered); *see also Austin*, 217 F.3d at 598 (noting a new final judgment after a reversal on a Rule 35 violation results in a new appeal period).

## III. Conclusion

Based on the above, we **VACATE** the judgments entered July 21, 2005, and August 19, 2005, and **REMAND** this matter with instructions to enter judgment on the sentence orally imposed on July 6, 2005.