*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0042p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

v.

No. 06-2605

>

JOSHUA BRUCE VICOL,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 03-00202—Richard A. Enslen, District Judge.

Submitted: December 6, 2007

Decided and Filed: January 24, 2008

Before: KENNEDY, MARTIN, and COLE, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:** Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellant. William J. Stevens, Lakeside, Michigan, for Appellee.

---

**OPINION**

---

BOYCE F. MARTIN, JR., Circuit Judge. Joshua Bruce Vicol was convicted of one count of kidnaping in violation of 18 U.S.C. § 1201(a)(1) and sentenced to 188 months in prison. The government appeals the sentence imposed by the district court, arguing that the sentencing guidelines range was improperly calculated. According to the government, this error seriously affected the sentence and constitutes reversible error. We agree with the government, and VACATE Vicol's sentence and REMAND this case for resentencing.

I.

On the evening of July 24, 2003, Vicol, who had recently been released from the Kalamazoo County Jail, arranged to meet with his ex-girlfriend and the mother of his child, Brooke Firestone. The two planned to discuss the possibility of reconciling their relationship. Firestone and her friend Theresa Volker met Vicol at a party. Vicol and Firestone spoke for a while, but at some point he became angry and physically attacked Firestone. Other partygoers pulled Vicol off of Firestone, at which time Firestone and Volker retreated to Volker's car and left the party.

1

Vicol got into his own car and pursued the women. He repeatedly rammed his car into theirs until they pulled over into a parking lot. Vicol then ran over to Volker's car and using a pair of shears, smashed in the driver's side window and opened the door. Vicol ordered Volker into the back seat, and slashed her face with the shears. She suffered a deep cut along her jawline, resulting in several stitches and a permanent scar.

With Volker in the backseat, Vicol turned his attention to his ex-girlfriend, Firestone. He smashed her face into the dashboard several times, breaking one of her teeth. He stabbed her in the leg, and cut off her hair, telling her that he wanted to make her ugly. He told both women they were going to die that night.

Vicol drove the women to a hotel. He called Volker's father and informed him that she had been drinking and would not be coming home that night. After a few hours, Vicol released Volker, but refused to let Firestone go. After releasing Volker, Vicol took Firestone to a different hotel in Michigan City, Indiana. Finally, after being contacted by the Federal Bureau of Investigation, Vicol's family convinced Vicol to give himself up.

Vicol eventually confessed to a Kalamazoo Police Detective to kidnaping both women, but refused to put his confession in writing. After being indicted on one count of kidnaping in violation 18 U.S.C. § 1201(a)(1), Vicol proceeded to trial where he presented an insanity defense. He was convicted on November 15, 2004.

Vicol's sentencing hearing occurred on July 6, 2005. The Presentence Investigation Report stated that the sentencing guidelines called for a base offense level of 32 under § 2A4.1(a)(1). The Report also classified Vicol as having a Criminal History of V due to his 18 previous convictions. The base offense level and the criminal history category yielded a suggested guidelines range of 360 months to life in prison.

Vicol argued that the previous guidelines manual had assessed a base offense level of only 24 for kidnapping, and that level was a more appropriate sentence for the crime committed. In what appears to be a moment of confusion, the district court misunderstood Vicol's argument, and believed that the guideline increase came after the crime had been committed. Relying on this Court's decision in *United States v. Davis*, 394 F.3d 340 (6th Cir. 2005), the district court felt compelled to use a base offense level of 24 rather than 32 based on its inaccurate belief that an earlier version of the guidelines was in effect at the time of Vicol's crime. Using the lower offense level, the guidelines calculation yielded a range of 151 to 188 months. The district court concluded after examining the other § 3553(a) factors that Vicol should be sentenced to the maximum sentenced provided by the guidelines, 188 months.

One day after Vicol's sentencing hearing, on July 7, 2003 the government filed a motion to correct the sentence under Federal Rule of Criminal Procedure 35(a). The government argued that the district court had made a mistake when it determined the base offense level under the guidelines. The 2002 guidelines manual, which was in effect at the time of Vicol's crime, had been amended effective May 30, 2003. This amendment increased the base offense level under guideline § 2A4.1(a) from 24 to 32. According to the government's brief on appeal, the confusion occurred because the amendment was not incorporated into the text of the 2002 Manual, but was instead relegated to Appendix C, which collects subsequent amendments.

In response to the government's motion, the district court scheduled a new sentencing hearing for July 18, 2005. At the hearing, the district court first ruled that it had jurisdiction to resentence Vicol, and then imposed a sentence of 360 months.

Vicol appealed the sentence, and this Court ruled that under Federal Rule of Criminal Procedure 35, the district court did not have jurisdiction to resentence Vicol more than seven days

after the original sentence was imposed. *United States v. Vicol*, 460 F.3d 693, 695-96 (6th Cir. 2006). The 360-month sentence was vacated and the case was remanded with instructions to impose the original sentence of 188 months. This Court did note that both parties would have the opportunity to appeal the original sentence once entered by the district court. *Id.* at 697.

On remand, the district court entered the original 188-month sentence and the government now appeals that sentence.

## II.

"Regardless of whether the sentence imposed is inside or outside the Guidelines range, [this] court must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). We may hold that a district court abused its discretion if it committed one of the following "significant procedural error[s]": improperly calculating the guidelines range, treating the guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the guidelines range. *Id.*

Before *Gall* was decided, this Circuit had held that "where a district court makes a mistake in calculating a guidelines range for purposes of determining a sentence under section 3553(a), we are required to remand for resentencing unless we are certain that any such error was harmless." *United States v. Duckro*, 466 F.3d 438, 446 (6th Cir. 2006). Here, it is obvious the district court improperly calculated the guidelines range. The district court mistakenly believed an earlier version of the guidelines was in effect at the time of the crime, and thus calculated Vicol's sentence with a lower base offense level and a lower sentencing range. Realizing its mistake, the district court attempted to resentence Vicol under the properly calculated guidelines range, but by then the district court had lost jurisdiction. *See Vicol*, 460 F.3d at 695-96.

The district court's *post hoc* actions to correct its mistake show that this was not harmless error. In order to be harmless, the error could not have affected the district court's selection of the sentence imposed. *United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005) (citing *Williams v. United States*, 503 U.S. 193, 203 (1992)). But the record and transcript of the district court's two sentencing hearings show that the district court was concerned with the violent nature of Vicol's offense as well as his lengthy criminal past. When given the chance to increase the sentence based on the proper guidelines calculation, the district court took that opportunity to sentence Vicol to 360 months instead of the 188 months previously imposed. It is clear that the miscalculation of the sentencing guidelines affected the district court's decision and was thus not harmless error.

## III.

We fully realize that this is a case of terrible judicial inefficiency. Not only has Vicol's sentence status been held in limbo for too long, but the judicial resources of this Court have now been expended twice on this matter. We cast not any blame on the district court, who attempted to correct its mistake. In such a situation where counsel believes the district court has made a mistake, but also realizes the district court would lose jurisdiction if a defendant is not resentenced within seven days, the proper course of action is to petition this Court seeking an immediate remand to the district court so that the mistake could be corrected.

IV.

Based on the foregoing, we hold that the district court abused its discretion in improperly calculating the correct guidelines sentence range as required under § 3553(a). The miscalculation was not harmless as it certainly affected the district court's decision in sentencing Vicol. We VACATE Vicol's sentence, and REMAND to the district court for resentencing, taking into account the properly calculated non-mandatory guidelines range.