NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0300n.06

No. 08-3422

FILED

May 10, 2011

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,                )
                                         )
          Plaintiff-Appellant,           )
                                         )
                                         )  ON APPEAL FROM THE UNITED
v.                                       )  STATES DISTRICT COURT FOR THE
                                         )  NORTHERN DISTRICT OF OHIO
LECADIO LEON,                            )
                                         )
          Defendant-Appellee.            )


Before: SUHRHEINRICH, MOORE, and COOK, Circuit Judges.


COOK, Circuit Judge. When Lecadio Leon, an undocumented immigrant, pleaded guilty to

one cocaine-conspiracy charge, the district court imposed a conditional sentence. Leon received 108

months' imprisonment, but the court noted that it would reduce his sentence to 87 months if he

submitted voluntary-deportation documents within two weeks and if the government agreed to the

downward departure.

Leon eventually received the lower sentence, but not without some confusion. One week

after the sentencing hearing, the court issued a written judgment that imposed the 108-month

sentence but made no mention of the conditional reduction. Two days later, and within the two-week

period that the court afforded him, Leon submitted the requisite immigration paperwork. The next

day, however, the court received the government's motion opposing any further sentencing

reduction. The district court never acted on the government's motion, and neither party appealed the judgment. Yet thirty-three months later, the court, citing Leon's earlier submission of the immigration documents, reduced his sentence to 87 months' imprisonment.

On appeal, the government contends that the district court lacked jurisdiction under 18 U.S.C. § 3582 to enter the sentence-reduction order, and that the court's original judgment imposed an invalid conditional sentence. Because we agree, we vacate both the order reducing Leon's sentence and the original judgment and remand for resentencing.

I.

A court may modify an imposed term of imprisonment only in the limited circumstances described in 18 U.S.C. § 3582(c), one of these being "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). The parties agree, however, that Rule 35 does not authorize the order reducing Leon's sentence. And since neither party cites a statute that "otherwise expressly permits" the reduction, nothing in § 3582(c) supports the court's sentence-reduction order.

Leon nevertheless argues that the court appropriately reduced his sentence because the order merely attempted to impose his original, conditional sentence. Sixth Circuit case law questions the validity of conditional sentences. *See United States v. Garcia*, 312 F. App'x 801, 807 (6th Cir. 2009) (per curiam) ("[T]he legal validity of a conditional sentence is not a foregone conclusion, in this

circuit or elsewhere.").  But "to the extent conditional sentencing [is] acceptable," the sentence must be precise and unequivocal, and "the fulfillment of the condition must rest within 'the personal control of the defendant and not some independent third party or entity.'"  *Id.* (quoting *United States v. Martin*, 913 F.2d 1172, 1176 (6th Cir. 1990)).

The conditional sentence that the district court imposed here hinged on one condition not within Leon's control—the government's consent.  *See Martin*, 913 F.2d at 1176.  As a result, even if conditional sentencing generally is proper, this one fails to satisfy the personal-control requirement.

## II.

Because the parties concede Rule 35's inapplicability, and because the district court's initial sentence fails to satisfy the requirements of a valid conditional sentence, we **VACATE** both the order reducing Leon's sentence to 87 months' imprisonment and the judgment imposing a 108-month sentence and **REMAND** for resentencing.  *See Garcia*, 312 F. App'x at 809.