NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0557n.06

No. 11-3314

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

FILED

*Aug 09, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MICHAEL G. JACKSON,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____ /

Before:    MARTIN, CLAY, and WHITE, Circuit Judges.

BOYCE F. MARTIN, JR., Circuit Judge. Michael G. Jackson appeals the judgment of the district court sentencing him to five years imprisonment for violating the conditions of his supervised release. Because the district court imposed an improper conditional sentence, we **VACATE** the sentence and **REMAND** for de novo resentencing.

**I.**

In 1992, Jackson pled guilty to one count of unlawful receipt of a firearm by a convicted felon. The district court sentenced Jackson under the Armed Career Criminal provision to fifteen years incarceration, followed by four years of supervised release. This court affirmed. *United States v. Jackson*, 995 F.2d 1068 (6th Cir. 1993) (unpublished table decision). In July 2008, while still on supervised release, Jackson was arrested in Lorain, Ohio, and charged in the Lorain County Court

of Common Pleas with drug trafficking, possession of drugs, and possession of criminal tools and drug paraphernalia. Jackson agreed to act as a confidential informant and assist the Lorain police.

As a result of these state proceedings, Jackson was charged with two violations of his supervised release: (1) a "Law Violation" for the commission of another crime while on release; and (2) violation of a specific term of his supervised release that prohibited acting as an informer or special agent for a law enforcement agency. Jackson admitted the violations and the district court stated that it was going to revoke Jackson's supervised release and impose a five-year sentence. But, the court also stated that it would hold the sentence in abeyance for six months after which it would consider vacating the sentence. The court also modified Jackson's supervised release to require home confinement during the six-month abeyance. Specifically, the court stated:

> All right. I am going to impose the maximum 60 months, hold it over Mr. Jackson's head. And if you do anything, Mr. Jackson, between now and six months from now, we will set another date, you are going right to prison. There will be no more mercy from this court.
>
> . . .
>
> Now, if you stay clean, if you are a law-abiding citizen over this period, I will consider vacating that sentence. We may have to amend his supervised release to include a period of — in fact, I am going to do it now, even during the pendency. It reads kind of funny. But I am going to require that he remain at home. So I am going to order home confinement as an additional condition. We'll make it a condition of supervised release.

The court's written order imposing the judgment reads:

> Based on this Court's review of all relevant factors, the Court hereby orders the defendant's supervised release is **REVOKED**, and the defendant is committed to the custody of the Bureau of Prisons for a term of sixty (60) months. The sentence shall be held in abeyance until April 6, 2011, at 10:30 a.m., when the Court will determine whether or not to implement the sentence imposed. Additionally, the defendant's

supervised release is hereby modified to include as a condition home confinement with GPS monitoring for a period of six months while the sentence is held in abeyance.

The district judge who imposed this sentence retired, and Jackson's case was re-assigned to a second judge, who reviewed the matter at the request of the probation department. Finding no authority for such a conditional sentence, the second judge ultimately concluded that he had no choice but to immediately impose the five-year sentence that had been imposed, and ordered Jackson to surrender as directed by the Bureau of Prisons. Jackson sought a writ of prohibition from this court and filed a motion requesting that he remain on release pending appeal. A panel of this Court denied the writ of prohibition and granted Jackson's motion to remain on release.

**II.**

The parties agree that the second district judge had considerably limited authority and was bound to follow the initial sentencing order. District courts may modify sentences only as authorized by statute. *See United States v. Watkins*, 625 F.3d 277, 280 (6th Cir. 2010); *accord* 18 U.S.C. § 3582(c) (2006). The first district court imposed a sentence on Jackson and neither party identifies any authority that would allow the second district judge to modify that sentence. However, while this principle is clear, the procedural infirmities and ambiguous explanation of Jackson's initial sentence make it decidedly unclear what that sentence was.

Jackson argues that he received a conditional sentence. According to Jackson, the district court placed him on house arrest until April 6, 2011. And, if he did not commit any infractions before the end of his house arrest, he would not go to jail. The United States argues that Jackson did not receive a conditional sentence because the written order memorializing the oral sentence failed

to explicitly include the condition. The second district judge considered the contradictory and uncertain language in the oral pronouncement and written order imposing the initial sentence, agreed that it was not a proper conditional sentence, and imposed a five-year sentence consistent with his interpretation of the first district judge's sentence.

In several recent unpublished opinions this Court has questioned the validity of conditional sentences. *See, e.g.*, *United States v. Leon*, No. 08-3422, 2011 WL 1754074, at *1 (6th Cir. May 10, 2011); *United States v. Garcia*, 312 F. App'x 801, 807 (6th Cir. 2009) (per curiam). "But 'to the extent conditional sentencing [is] acceptable,' the sentence must be precise and unequivocal." *Leon*, 2011 WL 1754074, at *1 (quoting *United States v. Martin*, 913 F.2d 1172, 1176 (6th Cir. 1990)). Here, Jackson's final sentence remained bound up in the district court's discretion. While it is possible to infer from the sentencing colloquy and order that the district court would not impose any jail time if Jackson did not commit any additional crimes in the six-month period following the sentencing hearing, the sentence did not precisely and unequivocally establish this. The district court stated merely that it would "consider vacating the sentence" and would "determine whether or not to implement the sentence." Therefore, Jackson's sentence fails the requirement that conditional sentences be precise and unequivocal. Because Jackson's sentence is not a proper conditional sentence, we vacate and remand for resentencing de novo.

**III.**

The United States agrees with Jackson that the district court improperly calculated his advisory guideline range. Additionally, Jackson asserts that he should be given credit for the period of home confinement that he served. The district court should address these issues at resentencing.

**IV.**

Because the district court's initial sentence failed to satisfy the requirements of a valid conditional sentence, we **VACATE** both the initial sentence and the subsequent order putting the sentence into effect, and **REMAND** for de novo resentencing.