*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 11a0295p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

                 *Plaintiff-Appellant,*

      *v.*

DAVID HALL,

                 *Defendant-Appellee.*

No. 10-3336

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 09-00073-001—Michael R. Barrett, District Judge.

Decided and Filed: November 22, 2011

Before: SILER, McKEAGUE, and STRANCH, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Benjamin C. Glassman, ASSISTANT UNITED STATES ATTORNEY,
Cincinnati, Ohio, for Appellant. Kevin M. Schad, FEDERAL PUBLIC DEFENDER'S
OFFICE, Cincinnati, Ohio, for Appellee.

_____

**OPINION**

_____

JANE B. STRANCH, Circuit Judge. Eighteen days after originally sentencing
Defendant-Appellee David Hall to eighteen years of imprisonment, the district court *sua
sponte* resentenced him to three fewer years. After fourteen days following the original
imposition of sentence the district court lacked jurisdiction to resentence Hall; therefore,
we must **VACATE** the district court's revised sentence and **REMAND** for reimposition
of the original sentence.

1

## I.  BACKGROUND

On June 3, 2009, Hall was indicted on five counts of federal drug and firearm charges.  Hall pleaded guilty to possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 2) and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1) (Count 4) in exchange for the dismissal of the other counts.  As calculated by the Presentence Report, the Guidelines recommended a sentence of 262 to 327 months of imprisonment on Count 2 (which carried a mandatory minimum of 120 months), and a 60-month mandatory-minimum sentence on Count 4, with the sentences to run consecutively.

The district court held a sentencing hearing on February 5, 2010.  Based in part on the district court's view "that the policy on the crack-to-powder ratio should be one-to-one," Hall's counsel sought a below-Guidelines sentence on Count 2 of 117 to 131 months of imprisonment.  In response, counsel for the Government disclosed that prior counsel for the Government had told Hall's attorney that the government had no problem with a total sentence of 15 years, which would have been the mandatory minimums on both counts.  Government counsel explained, however, that this conversation occurred before the guideline calculations, and that, if the court were inclined to depart from the Guidelines on Count 2, the Government now recommended a sentence towards the top end of a range of 130 to 162 months.  At the end of the hearing, the district court orally sentenced Hall to 156 months of imprisonment on Count 2, well above the mandatory minimum of 120 months, and 60 months on Count 4, to run consecutively for a total sentence of 216 months.  The court did not enter judgment at that time.

Four days later, on February 9, the district court noticed a hearing for February 23 for the purpose of resentencing Hall.  At the hearing, the court announced it would like to resentence Hall on Count 2 of the indictment, referencing the conversations at the time of the last sentencing hearing that presumably referred to the Government's previous indication that it had no problem with a mandatory-minimum sentence on both counts.  In light of the parties' acknowledgment of the Government's prior position, the

court stated its revised view that the appropriate sentence would be 120 months on Count 2, the mandatory-minimum sentence for that count. The court announced that the 60-month sentence on Count 4 would remain unchanged and that the sentences would be consecutive as previously pronounced.

Counsel for the Government objected to the new sentence, contending that it violated Rule 35 of the Federal Rules of Criminal Procedure to which the district court reiterated its belief that the "120 followed by 60 consecutive" is the appropriate sentence. The court entered judgment on March 1, and the Government filed this timely appeal challenging the district court's authority to resentence Hall under Rule 35. After Hall's retained counsel declined to file a brief on his behalf, a previous panel of this Court appointed a new attorney and provided additional time to respond to the Government's appeal.

## II.  ANALYSIS

Although a district court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), a court may do so under certain limited circumstances, including "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," *id.* § 3582(c)(1)(B). Because we are aware of no statutory authority authorizing the district court's resentencing, this case hinges entirely on whether the district court properly resentenced Hall pursuant to Rule 35. This is a question of law subject to *de novo* review. *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008).

Rule 35, in relevant part, allows district courts to correct a sentence that resulted from "arithmetical, technical, or other clear error" provided it does so within 14 days after sentencing. Fed. R. Crim. P. 35(a). For purposes of this rule, "sentencing" is defined as "the oral announcement of the sentence." Fed. R. Crim. P. 35(c). On appeal, the Government argues that the district court's resentencing failed to comply with Rule 35 both because it was entered more than fourteen days after announcement of the original sentence and because the original sentence did not result from "arithmetical, technical, or other clear error." We need not consider the latter argument because we

agree that the district court lacked jurisdiction to resentence Hall beyond the fourteen-day limitation period set forth in Rule 35(a).  *See United States v. Vicol*, 460 F.3d 693, 696 (6th Cir. 2006) (holding that district court lacked jurisdiction to resentence defendant beyond limitation period in previous version of Rule 35).[1]

The district court imposed Hall's original sentence on February 5, 2010, but it did not resentence Hall until February 23, eighteen days after announcing Hall's original sentence and four days late for purposes of Rule 35(a).  It does not matter that the district court issued its notice of resentencing within the fourteen-day period.  As this Court previously explained in rejecting a similar argument, "the district court must correct the sentence within the time limitation imposed, and not simply take some other undefined action toward that end, such as scheduling a hearing."  *Vicol*, 460 F.3d at 695.

Hall, relying entirely upon *United States v. Garcia*, 312 F. App'x 801 (6th Cir. 2009), submits that the first sentencing hearing produced a "conditional sentence" while the second resulted in the "ultimate sentence."  In *Garcia*, we held that there is no jurisdictional problem when a second sentencing order is "not a Rule 35 modification but simply the entry of a conditional sentence initially imposed," *id.* at 806, under the theory that the second sentencing order is merely "an attempt to impose the original sentence pronounced by the court," *id.* at 808-09.  *Garcia* also observed that it is unclear whether conditional sentences are actually valid in this Circuit.  *Id.* at 807.

The transcript of Hall's first sentencing hearing is entirely devoid of any indication that the court intended the sentence imposed to be conditioned on some event or anything other than final.  *Cf. United States v. Leon*, 422 F. App'x 443, 443 (6th Cir. 2011) (court would grant sentencing reduction if defendant submitted voluntary-deportation documents); *Garcia*, 312 F. App'x at 803 (same); *United States v. Bordayo*, 59 F. App'x 653, 656 (6th Cir. 2003) (court would impose supervised release if

---

[1]Since we decided *Vicol*, the Supreme Court recognized in *Bowles v. Russell*, 551 U.S. 205 (2007), that statutory time limits are generally jurisdictional.  *Id.* at 210–12.  "[B]ecause Rule 35 is incorporated into 18 U.S.C. § 3582(c)(1)(B), its time limit is statutory and, therefore, jurisdictional." *United States v. Garcia*, 312 F. App'x 801, 805 (6th Cir. 2009) (collecting cases from other circuits for this proposition).  Consequently, *Vicol*'s jurisdictional holding appears to remain good law.

defendant failed to complete drug treatment program).  Although this Circuit has vacated both the initial and subsequent sentences when a conditional sentence was unsuccessfully attempted, those cases have required a clear demonstration from the initial hearing that a conditional sentence was actually intended.  *See United States v. Jackson*, No. 11–3314, 2011 WL 3476879 at *3 (6th Cir. Aug. 9, 2011); *Leon*, 422 F. App'x at 444; *Garcia*, 312 F. App'x at 809.  Here, each of the indications that the court did not intend to impose the initial sentence did not occur until *after* the conclusion of Hall's first hearing.

It is laudable that the district court seriously considered the sentence, returning again to the issues and prior statements of counsel to be certain that only the "appropriate" sentence would be imposed.  That brings to mind Portia's description of mercy:

> The quality of mercy is not strain'd,
> It droppeth as the gentle rain from heaven
> Upon the place beneath.  It is twice blest:
> It blesseth him that gives and him that takes.

*The Merchant Of Venice* Act 4, scene 1, 180-87.  However, the Government seeks enforcement under Rule 35.  Thus, it appears that the "gentle rain" of mercy had to drop from heaven within fourteen days.  It took eighteen.

Because the district court lacked jurisdiction to resentence Hall more than fourteen days after originally imposing sentence, we are required to vacate the district court's March 1, 2010 judgment and remand for reimposition of the original sentence announced on February 5, 2010.  *See Vicol*, 460 F.3d at 697; *United States v. Fair*, 195 F. App'x 378, 380 (6th Cir. 2006).

### III.  CONCLUSION

For the aforementioned reasons, we **VACATE** the district court's judgment entered on March 1, 2010 and **REMAND** this case with instructions to enter judgment on the sentence imposed on February 5, 2010.