NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0453n.06

No. 12-1462

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| DARNELL MARKISE BOYD, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |

**FILED**
*May 07, 2013*
DEBORAH S. HUNT, Clerk

Before: MARTIN, GILMAN, and KETHLEDGE, Circuit Judges.

PER CURIAM. Darnell Markise Boyd appeals his conviction for cocaine distribution.

Pursuant to a written plea agreement, Boyd pleaded guilty to two counts of cocaine distribution in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court calculated Boyd's advisory sentencing guidelines range under the career offender guideline, USSG § 4B1.1, as 168 to 210 months of imprisonment. After considering that sentencing guidelines range, the sentencing factors under 18 U.S.C. § 3553(a), and Boyd's argument that his criminal history category substantially overrepresented the seriousness of his criminal history, the district court varied downward from the guidelines range and sentenced Boyd to 120 months of imprisonment and three years of supervised release on each count. The sentences were to run concurrently with each other and to any state sentence.

Boyd filed a timely notice of appeal and, on this same day, moved for a reduction in sentence pursuant to Federal Rule of Criminal Procedure 35(a). Boyd argued that his sentence should be reduced by nineteen months for the time that he spent in state custody before the instant federal charges were brought. The district court conducted a hearing on Boyd's motion and concluded that

it lacked jurisdiction to determine what credit Boyd was entitled to receive. Boyd did not file a new notice of appeal or amend his notice of appeal to include the district court's denial of this motion.

Boyd's counsel has filed a motion to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there is no meritorious basis for appeal. Because counsel has filed an adequate *Anders* brief and our independent review of the record reveals no issues of arguable merit, *see Penson v. Ohio*, 488 U.S. 75, 82–83 (1988), we grant the motion to withdraw and affirm the district court's judgment.

A guilty plea is constitutionally valid if it is voluntarily, knowingly, and intelligently entered. *Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007). We review de novo the validity of a guilty plea. *Dixon*, 479 F.3d at 434. In accordance with Federal Rule of Criminal Procedure 11, the district court "must verify that 'the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.'" *Id*. (quoting *United States v. Webb*, 403 F.3d 373, 378–79 (6th Cir. 2005)). The record reflects that the district court substantially complied with Rule 11 and that Boyd's guilty plea was voluntarily, knowingly, and intelligently entered. *See United States v. Gardner*, 417 F.3d 541, 544 (6th Cir. 2005).

Because Boyd entered a valid guilty plea and acknowledged the waiver of his appeal rights during the plea colloquy, he is barred from challenging his sentence on appeal. *See United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005). We review de novo whether Boyd knowingly and voluntarily waived his right to appeal his sentence. *United States v. Gibney*, 519 F.3d 301, 305 (6th Cir. 2008). In his plea agreement, Boyd waived any right to appeal his sentence if his sentence did not exceed the top of the sentencing guidelines range as determined in accordance with the plea agreement. At the plea hearing, the prosecutor reviewed the plea agreement's material terms, including Boyd's appeal waiver. Boyd indicated that he agreed with the prosecutor's summary and

that he agreed with the plea agreement's terms and conditions. At sentencing, the district court imposed a sentence well below the sentencing guidelines range. Based on the record, Boyd's waiver is valid and precludes us from reviewing his sentence. *See McGilvery*, 403 F.3d at 363.

Even if the appeal waiver did not bar review of Boyd's sentence, there is no arguable basis on which to challenge the district court's sentencing determination. Boyd's below-guidelines sentence of 120 months is procedurally and substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Further, we lack jurisdiction to review the denial of Boyd's Rule 35(a) motion because the district court did not rule on the motion within fourteen days. Fed. R. Crim. P. 35; *see also United States v. Vicol*, 460 F.3d 693, 695 (6th Cir. 2006). Moreover, Boyd did not file a new notice of appeal or amend his notice of appeal after the district court's denial of his Rule 35(a) motion. *See* Fed. R. App. P. 4(b)(3)(A), (C).

We grant counsel's motion to withdraw and affirm the district court's judgment.