**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 19a0083n.06**

**No. 18-3179**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 20, 2019
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| AARON J. LUNATO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: GIBBONS, STRANCH and ROGERS, Circuit Judges.**

**JULIA SMITH GIBBONS, Circuit Judge.** Shortly after returning home from a prison sentence for felony robbery, Aaron Lunato sent photos of himself wielding a .9 millimeter handgun and a high capacity rifle, while posing with numerous other firearms, to several people. After one of the recipients provided the photos to the government, Lunato pled guilty to being a felon in possession of a firearm. Based on his offense level of twenty-one, which included a two-level enhancement for possession of between three and seven firearms, the district court sentenced Lunato to eighty months' imprisonment and three years' subsequent supervised release. Lunato now challenges the two-level enhancement. Because the district court did not clearly err in finding that Lunato exercised control over the firearms with which he posed, we affirm the district court's imposed sentence.

I.

Aaron Lunato was convicted of felony robbery in the Lake County Court of Common Pleas in Ohio on December 10, 2012. In that same proceeding, he was also convicted of possession of heroin and carrying a concealed weapon.

Upon his release from prison in fall 2016, Lunato returned to live with his mother and stepfather. His stepfather is a police officer who conducts concealed carry weapons classes and consequently keeps a collection of firearms in the house. On December 15, 2016, while in his parents' basement, Lunato took two photographs with a table full of guns, including numerous handguns and revolvers, while wielding a .223 caliber rifle, capable of accepting a large capacity magazine, and a .9 millimeter handgun. Lunato then sent the photographs to a small number of people, one of whom turned the photographs over to the government. During a subsequent interview with the FBI on December 23, 2016, Lunato admitted that he possessed the two firearms and had sent pictures of himself holding the two firearms to others.

Lunato pled guilty to knowingly possessing a firearm after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Lunato had a calculated offense level of twenty-one, which reflected a base offense level of twenty-two, because Lunato, who had a previous felony conviction of a crime of violence, possessed a firearm capable of accepting a large capacity magazine; a two-level increase based on his offense involving six firearms, under U.S.S.G. § 2K2.1(b)(1)(A), which adds two

levels for offenses involving three to seven firearms;[1] and a three-level decrease for Lunato's acceptance of responsibility. This yielded a Guidelines range of 70-87 months.

The district court sentenced him to eighty months of incarceration, followed by three years of supervised release. At the conclusion of the sentencing hearing, the court asked the government and Lunato whether they had any objections to the sentence. Neither party objected.

Lunato now argues that the district court abused its discretion by enhancing his offense level by two points. Lunato argues that he did not "possess" the additional firearms but was rather merely present in his parents' basement with them. Without the two-point increase, Lunato's offense level would have been nineteen, resulting in a sentencing range of 57-71 months.

## II.

We review a district court's ultimate sentence for reasonableness under an abuse of discretion standard. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007); *United States v. Thomas*, 498 F.3d 336, 339 (6th Cir. 2007). The reasonableness of a sentence has both a procedural and a substantive component. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its sentencing discretion procedurally if it "commit[s] [a] significant procedural error, . . . [including] failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* Where a district court errs in its calculation of the Guidelines range when determining a sentence, the appellate court should remand for resentencing unless it was harmless error. *United States v. Vicol*, 514 F.3d 559, 561 (6th Cir. 2008).

---

[1] The Pre-Sentence Report erroneously cited U.S.S.G. § 2K2.1(b)(1)(B), which is a four-level adjustment for offenses involving eight to twenty-four firearms. It correctly applied the two-level increase from § 2K2.1(b)(1)(A), however.

We "review a district court's factual findings in sentencing a defendant under the clearly erroneous standard . . . and its application and interpretation of the Guidelines de novo." *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008) (citing *United States v. Cousins*, 469 F.3d 572, 575 (6th Cir. 2006)); *United States v. Hazelwood*, 398 F.3d 792, 795 (6th Cir. 2005). We are charged "not only to 'accept' a district court's 'findings of fact' (unless 'clearly erroneous'), but also to 'give due deference to the district court's application of the [G]uidelines to the facts.'" *Buford v. United States*, 532 U.S. 59, 63 (2001) (quoting 18 U.S.C. § 3742(e)). A factual finding is "clearly erroneous" "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006).

"[A]fter pronouncing the defendant's sentence but before adjourning the sentencing hearing," district courts are required "to ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). Where, as here, a district court has inquired as to whether a defendant objects to a sentence under *Bostic* and the defendant does not so object, this court reviews the "unpreserved procedural-reasonableness argument for plain error." *United States v. Evers*, 669 F.3d 645, 661 (6th Cir. 2012) (citing *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011)).

Thus, Lunato must demonstrate that there was "(1) error (2) that was obvious or clear, (3) that affected [Lunato's] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Taylor*, 800 F.3d 701, 714 (6th Cir. 2015).

III.

Lunato argues that the district court committed procedural error when it increased Lunato's offense level under U.S.S.G. § 2K2.1(b)(1)(A) because the offense involved three to seven firearms. Specifically, Lunato argues that "his mere presence in his parent[s'] basement was insufficient to show possession of the firearms that he was not wielding." (CA6 R. 24, Appellant Br., at 10.) The photographs depict, and Lunato does not challenge, that he was clearly wielding a .9 millimeter handgun and rifle capable of accepting a large capacity magazine. Thus, we must decide whether it was clear error for the district court to determine that Lunato was also in possession of the numerous guns on the table with which he was posing.

A court may apply a sentencing enhancement for possession of firearms when the government proves by a preponderance of the evidence that the defendant was either in actual or constructive possession of the firearms. *United States v. Jackson*, 877 F.3d 231, 237-38 (6th Cir. 2017); *see also United States v. Dupree*, 323 F.3d 480, 491 (6th Cir. 2003) ("The burden is on the government to prove, by a preponderance of the evidence, that a particular sentencing enhancement applies.").

"A defendant may be convicted of unlawful firearm possession under 18 U.S.C. § 922 based on either actual or constructive possession of a firearm." *United States v. Roberts*, 529 Fed. App'x 488, 491 (6th Cir. 2013). Actual possession exists "where the defendant has physical contact with a firearm – e.g., he holds it, holsters it, *or keeps it in a place where it is immediately accessible*." *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007) (emphasis added). On the other hand, "[c]onstructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an objection, either directly or through others." *United States v. Craven*, 478 F.2d

1329, 1333 (6th Cir. 1973), *abrogated on other grounds by Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963 (1977), *as recognized in United States v. White*, 679 Fed. Appx. 426, 434 (6th Cir. 2017). A defendant also has constructive possession of an item when he exercises "dominion over the premises where the item is located." *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996).

While Lunato's presence alone near a gun is insufficient to establish constructive possession, *Roberts*, 529 Fed. App'x at 491 (citing *United States v. Arnold*, 486 F.3d 177, 181 (6th Cir. 2007) (en banc)), "other incriminating evidence . . . such as a connection with a gun, proof of motive, a gesture implying control, evasive conduct, or a statement indicating involvement in an enterprise along with proximity, may be sufficient to show possession." *United States v. Kennedy*, 745 F. App'x 601, 604 (6th Cir. 2018) (quoting *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008)) (internal quotation marks omitted).

The district court did not clearly err in finding that the photographs in the government's sentencing memorandum depict Lunato possessing numerous firearms on the table beside him and demonstrate his power and intent to exercise control over said firearms. As defense counsel noted at sentencing, the photo "was like a trophy picture." (DE 28, Sentencing Transcript, Page ID # 148.) When, in the first photo, Lunato posed with the high-capacity rifle, the .9 millimeter handgun, which he would then wield in the second photo, was clearly visible on the table next to him, among numerous other firearms. Thus, when Lunato subsequently posed with the .9 millimeter handgun, he made "a gesture implying control" over all of the firearms on the table, implying that he had control over the weapons on the table such that he could have posed with any

one of the firearms.  That he then sent these photographs to their recipients is a further "gesture implying control" of the firearms.

IV.

For the reasons stated, we affirm the district court's sentence of eighty months' imprisonment and three years' supervised release.  The district court did not clearly err in finding that Lunato's offense involved between three and seven firearms when Lunato posed with the firearms and exercised control over the weapons by wielding two of them.